**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mona Lisa Lacy,<br><br>　　　　　Plaintiff,<br>vs.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-18-04117-PHX-SPL<br><br>**ORDER** |

At issue is the Court's March 18, 2020 Order (Doc. 23) (the "Order") regarding Plaintiff Mona Lisa Lacy's Application for Disability Insurance Benefits under the Social Security Act (the Act). The Order reversed the decision of the Administrative Law Judge (AR 12–40)[1] denying Plaintiff's application for benefits and remanded the case to the Social Security Administration for a calculation of benefits. (Order at 12) Defendant Social Security Commissioner filed a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 25) (the "Motion"), to which Plaintiff filed a Response (Doc. 26). Defendant then filed a reply. (Doc. 27) The Court now remands the case for further proceedings.

**I.   BACKGROUND**

Plaintiff filed an application for Social Security Disability Insurance on September 16, 2014 for a period of disability beginning September 4, 2014. (AR 15) Plaintiff's claim

---

[1] Administrative Record (Doc. 10).

was denied initially on February 18, 2015, and upon reconsideration on August 13, 2015. (AR 15) Plaintiff then testified at a hearing held before an Administrative Law Judge (ALJ) on June 15, 2017. (AR 15) On November 28, 2017, the ALJ denied Plaintiff's Application. (AR 33) On September 20, 2018, the Appeals Council denied a request for review of the ALJ's decision. (AR 1)

Upon reviewing the ALJ's decision Court found that "the ALJ failed to provide legally sufficient reasons for rejecting Dr. Nolan's opinion and Plaintiff's subjective testimony." (Order at 12) The Court based its conclusions primarily on the ALJ's evaluation of Plaintiff's medical record, what the Court believed to have been the incorrect standard of review of the medical records by the ALJ, and the testimony and medical opinions related to Plaintiff's impairment. After determining that the ALJ committed reversible error, the Court found that "the record has been fully developed and, as a result, a remand for further proceedings would not be useful." (Order at 12) Next, the Court found that "based on the vocational expert's testimony, the ALJ would have been required to find Plaintiff's disabled had she credited Dr. Nolan's opinion." (Order at 12)

Defendant now argues that the Court "did not properly assess whether the facts of this case justify the extraordinary remedy of remand for payment of benefits." (Doc. 25 at 2) Specifically, Defendant points to one error: the Court did not consider the record as whole and failed to explain why it concluded the record as a whole did not create serious doubt about Plaintiff's alleged disability. Defendant focuses on this error in the Motion but also pointed out that he would reserve the right to challenge the Court's conclusions that the ALJ failed to properly support her findings on further appeal. Defendant generally asserts that, contrary to the Court's conclusion, "serious doubt" exists as to whether Plaintiff is actually disabled. (Doc. 25 at 3)

## II.     LEGAL STANDARD

Reconsideration is appropriate only in rare circumstances. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Court may grant a motion under Rule 59(e) if the district court is presented with newly discovered evidence, committed

clear error, the initial decision was manifestly unjust, or there is an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

## III. ANALYSIS

Because the record contains conflicting evidence documenting the severity of Plaintiff's fibromyalgia-related impairment, the Court agrees with Defendant that it committed clear error in determining that additional proceedings would serve no useful purpose. Accordingly, it is necessary to further develop the record in this case, so the ordinary remand rule applies. Although the ALJ erred in rejecting the treating physician's opinion and Plaintiff's own testimony, the credit-as-true rule does not apply. There are still outstanding issues to be resolved in this case, most importantly determining what true limitations are caused by Plaintiff's fibromyalgia. Therefore, the appropriate remedy is to remand the case for further development of the record.

Importantly, Plaintiff's impairments are well-documented and the ALJ herself recognized that Plaintiff suffered medically-determinable impairments. (AR 22, 30) Nevertheless, an outstanding issue remains because the record is not clear, and at times conflicting, as to the extent of Plaintiff's limitations due to fibromyalgia and the associated symptoms. Defendant points to numerous medical records that identify normal findings that appear to be inconsistent with disabling fibromyalgia as well as evidence suggesting malingering. (Doc 25 at 4–6)

Moreover, Defendant also points to other evidence in the record that he asserts is inconsistent with Plaintiff's alleged completely disabling symptoms, including Plaintiff's daily activities, prior work history, and conflicting medical opinions between treating and reviewing physicians. (Docs. 25 at 4–6; 27 at 2–3) The Court agrees with Defendant that these outstanding issues cast "serious doubt that Plaintiff is entitled to disability benefits" and create conflicts, ambiguities, or gaps in the record, which the ALJ must resolve. (Doc. 25 at 7) *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015). Indeed, it is the ALJ's duty to resolve conflicts, gaps, or ambiguities in the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995).

Finally, the Court is unpersuaded by Plaintiff's response for several reasons. First, Plaintiff seems to mischaracterize Defendant's argument regarding the credit-as-true rule. Indeed, Plaintiff argues that "[t]he Commissioner does not appear to question the application of the well-known credit-as-true rule." (Doc. 26 at 3) Furthermore, Plaintiff summarizes Defendant's argument as "the belief that 'even though all condition[s] of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled.'" (Doc. 26 at 3) It is true that Defendant does not question the application of the credit-as-true rule in general. There is no argument that the rule must be changed or otherwise abandoned. However, Defendant clearly argues that the conditions of the rule are not present here and it should not be applied. The three prongs of the credit-as-true rule, where a reviewing court can credit certain evidence as true, are

> (1) an ALJ failed to provide legally sufficient reasons for rejecting that evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*See, e.g., Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Even if all the conditions of the creid-as-true rule are satisfied, a court must remand for further proceedings when the evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Nowhere does Defendant agrees that there are no outstanding issues that must be resolved before a determination of disability can be made. The crux of Defendant's argument is that there are issues and conflicting evidence in the record, which viewed as a whole, create serious doubt that Plaintiff was disabled. Defendant actually argues that the second factor of the credit-as-true rule is not met, and it must be viewed in light of the whole record and whether serious doubt exists.

Second, the Commissioner is entitled to file a motion under rule 59(e) and such

motion is not akin to litigating the case twice. It offers limited grounds for the Court to review a judgment it issued without asking litigants to engage in the appellate process immediately. It offers protection against litigating the case twice because only limited grounds are available to file such motion and a Court has broad discretion in granting it. Defendant identified clear error the Court committed, and it is a proper ground for the filing of a rule 59(e) motion.

Third, Plaintiff argues that Defendant failed to address the "false standard" the Court found the ALJ applied when evaluating Plaintiff's medical records and whether they fully supported her symptoms. (Doc. 26 at 7–8) Defendant points out in his reply that this was a mischaracterization of the ALJ's decision but, more importantly, that Defendant did not challenge such error in the Motion because "he is challenging only the remedy here" and not the Court's conclusions that the ALJ erred in assessing the merits of Plaintiff's disability. (Doc. 27 at 3, fn.3)[2] Accordingly, the Defendant did not waive an argument on such standard, which is related to the first prong of the credit-as-true rule, but focused his Motion on the second prong of such rule.

Finally, Plaintiff argues that the Court found no error "in weighing the desktop reviewer's opinion, which is far from a finding that opinion would be substantial evidence sufficient to drive the outcome of this case." (Doc. 26 at 5) Plaintiff further argues that "if the Commissioner's argument were accepted, there would never be a remand for award of benefits, because state agency reviewer's assessments appear in all hearing records." (Doc. 26 at 5) This argument misconstrues the Court's statement. When reviewing the ALJ's decision and reasoning on her weighing of Dr. Sapin's opinion, the Court concluded she did not commit error in according great weight to such opinion. (Order at 11) Indeed, the ALJ accorded great weight to such opinion and little weight to another non-treating physician's opinion and Plaintiff argued it was unclear why. (Order at 11) The Court found

---

[2] Indeed, the Commissioner stated in his Motion that he was only challenging the remedy but reserved the right on a potential appeal to also challenge the Court's determination that the ALJ erred in assessing the merits of Plaintiff's alleged disability. (Doc. 25 at 3, fn. 3)

it was clear why the ALJ did so. (Order at 11) The Court concluded that the ALJ did not commit error in weighing Dr. Sapin's opinion, which means *did not commit error in according great weight to such opinion*. Plaintiff's argument on this point is unpersuasive and miscontrues the Court's conclusion. Furthermore, as Defendant pointed out in his reply, the Court is not saying that each time a desktop reviewer's opinion is present, it would mean that a remand for further proceedings is necessary. Quite the opposite, the Court clarifies that when, like in this case, it finds that an ALJ did not commit reversible error when weighing such opinion, then the ALJ's conclusion on this issue must be considered appropriately. A lot of decisions by federal courts reviewing ALJ's decisions find that such weighing is in error, this is not the case here.

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 25);

**IT IS FURTHER ORDERED** amending the Court's prior Order (Doc. 23) to the extent it is inconsistent with this Order;

**IT IS FURTHER ORDERED** remanding this matter for further consideration consistent with this Order; and

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter an amended judgment accordingly. This matter shall remain closed.

Dated this 13th day of May, 2020.

Honorable Steven P. Logan
United States District Judge